UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) CRIMINAL NO. 04-10290-MEL | |
| v. ) | |
| ) | |
| ,GABRIEL HERNANDEZ ) | |
| Defendant ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The Defendant has moved to dismiss this indictment on the grounds that there has been an unreasonable delay in arresting and indicting the defendant in violation of his sixth Amendment rights and the protections provided by the speedy Trial Act.

Summary of Facts

The discovery furnished by the government to the defendant and the court docket reveals the following:

On July 25, 2002 it is alleged that a person identified as "Gabe" whose last name was unknown sold a Stroeger Arms, Luger, .22 caliber pistol loaded with nine rounds to an ATF confidential informant at 34 Willie Street in Lowell.

Subsequently on 9/19/02 the confidential informant was shown an eight man photo array. The confidential informant identified one of the photos as Gabby the person from whom he bought the gun. The photo was a photo of the defendant Gabriel Hernandez of 377 Westford street Lowell, MA.

On January 28, 2003 the ATF agent confirmed that Gabriel Hernandez had not had his federal firearm privileges restored and had no federal firearms license. The agent also confirmed that the firearm was manufactured outside Massachusetts.

No charges were filed against the defendant at this time.

It appears from the discovery furnished by the government that he began cooperating with the government. An ATF Report of Investigation dated June 19, 2003 reveals that on June 17, 2003 Hernandez purchased a Sturm Ruger 22/45 .22 caliber semi automatic pistol from a third party along with 13 rounds of ammunition while working with the government. This purchase was recorded both by video and audio.

Subsequently it appears that on August 14, 2003 Hernandez introduced an undercover ATF agent to an individual for the purpose of purchasing a firearm. The undercover agent then did purchase a 22 caliber Mark II target pistol and ammunition from the individual.

In September of 2003 Hernandez was interviewed by ATF agents regarding another individual who allegedly possessed firearms.

      On April 30 2004 ATF agents interviewed Hernandez regarding the firearm purchases at the Old Colony House of Correction where he was being held on unrelated state charges.

      On September 22, 2004 Hernandez was indicted by the federal grand jury for the sale of the firearm on July 25, 2002. A warrant for his arrest was issued but not executed until after he was brought into court on a Writ of Habeas Corpus ad Prosequendum issued on March 11, 2005 approximately 32 months after the alleged crime and approximately six months after he was indicted.

Argument

      A speedy trial is guaranteed by the Sixth Amendment to the Constitution. The right to a speedy trial is "fundamental". *Barker v. Wingo*, 407 U.S. 514(1972). In determining the whether there has been a violation the court must use a balancing test on an *ad hoc* basis. *Id.*@531. The four factors that should be considered are: Length of Delay, the reason for the delay, the defendant's assertion of the right and prejudice to the defendant. *id*@531. In this case the delay between the act and the indictment was over three and one-half years. The reason for the delay was solely due to the government's inaction. The violation was completed and Hernandez positively identified in September, 2002. It appears that the reason for the delay in presenting this case to the grand jury was due to the fact that the agents sought and obtained Hernandez' cooperation in connection with another investigation.

      When this delay is added to the delay in executing the arrest warrant after the indictment it is unreasonable.

      It is expected that the government will argue that the defendant has no right to be arrested and that therefore the delay in presenting this case to the grand jury is not unreasonable. The defendant contends that in a situation such as exists in this case, i.e. the fact that the defendant is told he could be arrested and his cooperation is solicited should be sufficient to trigger the right. It is unfair and prejudicial to the defendant to solicit his cooperation based upon the fact that the agents could arrest him. It is even more unfair when the defendant cooperates and the government delays bringing him into court apparently after they decide they no longer need his assistance.

                                      Respectfully submitted
                                      Gabriel Hernandez
                                      By his Attorney

                                      Albert F. Cullen, Jr.

Dated: August 8, 2005