UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10290-MEL |
| GABRIEL HERNANDEZ | ) ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**I.     INTRODUCTION**

The United States of America opposes defendant Gabriel Hernandez's Motion to Dismiss ("Defendant's Motion") as wholly lacking in merit. The defendant's motion is based on two equally unavailing claims: (1) that the passage of 26 months between the defendant's commission of the crime (July 25, 2002) and indictment (September 22, 2004) violated the defendant's Sixth Amendment right to a speedy trial;[1] and (2) that a six-month delay – from September 22, 2004 to March 11, 2005 – from the date of indictment to the defendant's initial appearance before this Court was likewise a Sixth Amendment violation. As more fully discussed below, it is firmly established that, absent an arrest, pre-indictment delay has no bearing on the Sixth Amendment right to a speedy trial because such right does not attach until the filing of an indictment or information or until such time as the defendant is arrested. With

---

[1] Although the defendant mentions the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*. ("STA") (Defendant's Motion at 1), he does not articulate how his claim implicated the STA. In fact, the facts upon which the Defendant's Motion is based do not support an STA claim. The STA's speedy trial clock does not commence until "the filing date . . . of the . . . indictment [or] the date the defendant has appeared before [this Court], *whichever date last occurs*." 18 U.S.C. § 3161(c)(1)(emphasis supplied). Thus, in this case, the clock did not start running until he made his initial appearance before this Court, on March 16, 2005. See Docket Entry No. 5. Because the delay of which the defendant complains *precedes* that date, the STA is thus not at issue here.

regard to the claim of post-indictment delay, the defendant's claim does not satisfy the threshold condition of "presumptively prejudicial delay."  See Barker v. Wingo, 407 U.S. 514, 530 (1972).  Nor, as discussed below, does his claim satisfy the Barker test for a Sixth Amendment violation.  Id. at 532.  For these reasons, this Court should deny the Defendant's Motion.

## II.    ARGUMENT[2]

### A.    Sixth Amendment Speedy Trial Right Does Not Attach Before Indictment

As a threshold matter, the Supreme Court has explained that the applicable statute of limitations is the primary guarantee that there will be no undue delay between commission of a crime and accusation.  United States v. Marion, 404 U.S. 307, 3222-24 (1971).  The statute of limitations in this case is five years and accrued on the date of the crime, July 25, 2002.  See 18 U.S.C. §3282.  Thus, the action is not time-barred by operation of the statute of limitations.

With regard to the defendant's claim that pre-indictment delay violated his Sixth Amendment Speedy Trial rights, "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." Marion, 404 U.S. 307 at 320; and see United States v. McDonald, 456 U.S. 1, 7 (1982);  United States v. McCoy, 977 F.2d 706, 712 (1st Cir. 1992)("no Sixth Amendment right to speedy trial arises prior to the filing of the criminal charge."); United States v. Marler, 756 F2d. 206, 209-10 (1st Cir. 1985)("no Sixth Amendment right to a speedy trial arises until charges are pending"); United States v. Daley, 454 F.2d 505, 508 (1st Cir. 1972)("pre-accusation delay ... has no bearing on the Sixth

---

[2] Unless otherwise specified, the facts relied upon herein are set forth in the Defendant's Motion.

Amendment right to a speedy trial ..."). In this case, the defendant's Sixth Amendment claim is primarily based on allegations of pre-indictment delay. As such, the claim is without merit because the defendant's Sixth Amendment rights attached only upon indictment. The Court must, therefore, reject the claim.

In McCoy, the First Circuit rejected a Sixth Amendment claim involving a delay longer than the delay alleged here. McCoy, 977 F.2d at 712 (citations omitted). In McCoy, the defendant was arrested by state authorities in August 1987. In a search following McCoy's arrest, the police seized several firearms. Id. at 710. In September 1988, McCoy plea guilty in state court to charges unrelated to the firearms. Id. He was sentenced to a period of incarceration. Id. at 710-11. In 1991, more than three years following seizure of the firearms, McCoy was indicted, tried, and convicted of federal firearms charges under 18 U.S.C. §922(g)(1). Id. at 710. In rejecting McCoy's claim, the First Circuit stated that "no Sixth Amendment right to speedy trial arises prior to the filing of the criminal charge." Id. at 712 (citations omitted).

**B.     Post-Indictment Delay Did Not Violate Sixth Amendment Speedy Trial Right**

The six-month delay between indictment and the defendant's initial appearance does not support a Sixth Amendment claim. Once a constitutional speedy trial claim has arisen, the defendant must first make a threshold showing of "presumptively prejudicial delay." Barker v. Wingo, 407 U.S. 514, 530 (1972). Courts "have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." Doggett v. United States, 505 U.S. 647, 653 n.1 (1992). The defendant cites no authority – nor is the government aware of any – for the proposition that a six-month delay satisfies the threshold showing of "presumptively

prejudicial delay." Moreover, given the nature of the charges here, which stem from the defendant's sale of a firearm to a witness who has identified the defendant, a claim of prejudicial delay would be baseless.

Assuming <u>arguendo</u> that the defendant can make the threshold showing of "presumptively prejudicial delay," his claim is then analyzed based on four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice caused to the defendant as the result of the delay. <u>Barker</u>, 407 U.S. at 530. "[N]one of the four factors identified above [is] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. . . . [T]hese factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." Reviewing the facts of this case in light of the <u>Barker</u> factors, that balancing process demonstrates that, assuming that a Sixth Amendment issue is presented, no violation can be established on this record. <u>Id.</u> at 533.

(a) *Length of Delay*: As stated above, the delay from indictment to initial appearance was less than six months. The defendant cites no case, and the government is aware of no case, involving a delay of this length in which a court has found a Sixth Amendment violation.

(b) *Reasons for Delay*: The government was unaware of the defendant's whereabouts between the date of indictment in September 2004 and March 2005, at which time the government filed an Application for Writ of Habeas Corpus Ad Prosequendum, which the Court promptly issued.[3] As the <u>Barker</u> explained this factor,

---

[3]In the event the Court were to require presentation of evidence on this issue, the ATF case agent, Matthew O'Shaugnessy, would testify that he was unaware, until reviewing records maintained by the Massachusetts Criminal History Systems Board in approximately March 2005,

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

407 U.S. at 531 (internal citations and footnote omitted). While the failure to learn of the defendant's whereabouts for several months after the filing of the indictment was arguably negligent, such negligence should not weigh heavily against the government.

(c) *Defendant's assertion of the right:* The defendant did not assert his speedy trial right until approximately five months after his initial appearance before this Court. This period wasnearly as long as the post-indictment delay of which the defendant complains. Thus, the defendant was "content to wait until assertion of the [speedy trial] right became a possibly viable way to preclude consideration of the merits" of his case. See United States v. Colombo, 852 F.2d 19, 26 (1st Cir. 1988). The defendant's failure to proceed with alacrity undercuts his current claim.

(d) *Lack of prejudice*: Prejudice to the defendant is evaluated in view of the three interests the right to a speedy trial was designed to address: "(1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532. Here, the defendant does not assert any prejudice of the sort the Supreme Court has deemed cognizable.[4] Nor could he. First, his

---

that Hernandez was in state custody awaiting trial on charges unrelated to this case.

[4]The only claim of prejudice the defendant makes is that the ATF "solicit[ed] his cooperation based upon the fact that agents could arrest him" for the conduct charged in the indictment. Memorandum in Support of Defendant's Motion at 2.

pretrial incarceration has not been prolonged as a result of the delay in this case because, at the time of indictment, the defendant was already in state custody (which is where he continues to be) in connection with unrelated state charges.  Second, the defendant cannot credibly claim that his anxiety or concern were meaningfully exacerbated by the delay, given that he is in custody on unrelated charges.  Finally, given the simple nature of the charges and evidence in this case, it is hard to imagine how the defendant could claim that his defense had been impaired.  See United States v. Colombo, 852 F.2d 19, 26 (1st Cir. 1988)(citing cases in which vague or conjectural claims of impairment of defense were deemed insufficient under prejudice prong of Barker test).

In the context of a Due Process claim stemming from pre-indictment delay, the First Circuit has stated that, "[f]or the defendant to carry the heavy burden of proving actual prejudice from, concrete proof is required.  Mere Speculation and bare allegations will not suffice." McCoy, 977 F.2d at 711 (citing Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990)).  Thus, the First Circuit has stated that, generally, assertions that witnesses' memories have dimmed with the passage of time "cannot establish actual substantial prejudice." McCoy, 756 F.2d at 214.  "This is especially true where the failure to recall is by *prosecution* witnesses, whose faltering testimony works to the advantage of the defense." Id. (citation omitted).  Nor is the passage of time by itself sufficient to show prejudice.  See McCoy, 977 F.2d at (Due Process claim fails because three and one-half year pre-indictment delay did not prejudice defendant); Marler, 756 F.2d at (delay of more than four years did not violate Due Process, even though in, interim, crime scene had been altered, a material witness had become unavailable, and other witnesses' memories had allegedly lapsed).

6

## CONCLUSION

For the reasons stated above, this Court should deny the Defendant's Motion to Dismiss.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:   /s/ John A. Capin
                    _____
                    JOHN A. CAPIN
                    Assistant U.S. Attorney