UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | CR. No. 04-10290 |
| | ) | |
| v. | ) | |
| | ) | |
| GABRIEL HERNANDEZ | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

### I. Introduction

Defendant respectfully submits this memorandum in order to provide information to assist the Court in fashioning a sentence "Sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. Sec. 3553(a) in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

*Booker* restored district courts' ability to fashion a sentence tailored to the individual circumstances of the case and Defendant by requiring courts to consider factors other than sentencing range prescribed by the United States Sentencing Guidelines. Indeed, under Section 3553(a), courts are *required* to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

In *United States v. Jimenez-Beltre*, 2006 U.S. App. LEXIS 6580 the First Circuit examined sentencing and specifically the role of the guidelines post *Booker*. "Central to the merits of this appeal is the question of what role the advisory guidelines should play in a post-Booker sentence. To begin with the conclusion, the guidelines continue ion our view to be an important consideration in sentencing, both in the district court and on appeal, which should be addressed in the first instance by the sentencing judge," *Id* at *7. The *Jiminez* Court went on to add, however, "Yet the guidelines are still generalizations that can point to outcomes that may appear unreasonable to sentencing judges in

particular cases. Booker's remedial solution makes it possible for courts to impose non-guideline sentences that override the guidelines, subject only to the ultimate requirement of reasonableness," *Id* at \*10.

Here, Defendant respectfully requests that the Court consider several important circumstances of this case in fashioning a sentence pursuant to both *Booker* and *Jimenez*.

*First*, the complete lack of violence on the Defendant's record;

*Second*, the Defendant's long history of substance abuse, specifically heroin; and

*Third*, Defendant's remorse as he has already faced personal undoing as a result of his actions.

## II.  Procedural Background

On January 30, 2006 the Defendant pleaded guilty to the one count : Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. Sec. 922(g) (1). Defendant now stands before the Court for sentencing. Pursuant to 18 U.S.C. Section 924(e)(1) the minimum term of imprisonment is 15 years (180 months).

## III.  Post-*Booker* Sentencing Considerations

The Court no doubt is aware of the broad ramifications of *United States v. Booker* for this proceeding. The sentencing guideline range is no longer binding on the Court, but is only one of the five factors to be considered in determining sentence. *Booker*, 125 S. Ct. at 764-65. The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the Defendant; (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. *Id*.; 18 U.S.C. Sec. 3553(a)(1), (a)(3), (a)(6)-(7).

In considering the Section 3553(a) factors, the sentencing guidelines are to be given substantial but not controlling weight. See,  *See United States v. Jaber*, 362 F. Supp. 2d 365, 370-76 (D. Mass. 2005) (providing comprehensive analysis of why sentencing guidelines do not reflect statutory purposes of punishment); *United States. Ranum*, 353 F. Supp. 2d 984,987 (E.D. Wis. 2005)(same).

Perhaps even more important, however, is that *Booker* establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of section 3553(a) states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment- justice, deterrence, incapacitation, and

rehabilitation:  The court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. Sec. 3553(a)(2)].  18 U.S.C. sec 3553(a) (emphasis added).  (The Defendant would point out that Judge Torruella's concurring opinion in *Jimenez* emphasized the district court's imposition of a sentence, "sufficient but not greater than necessary".     This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is *statutorily prohibited* from sentencing—even when a greater sentence is recommended by the sentencing guidelines.  *See United States v. Denardi*, 892 F. 2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

## IV.  The Sentencing Factors as Applied to Defendant

Aside from sentencing guidelines range, two of the Section 3553(a) factors are particularly relevant in Defendant's case: the nature and circumstance of the offense and the history and characteristics of the Defendant; and the kinds of sentence available.  18 U.S.C. sec 3553(a)(10) & (3).

> A.   The Nature and Circumstances of the Offense and Defendants History and Characteristics.

> 1. *The Nature and Circumstances of the Offense.*

The Defendant was involved in the sale of a handgun to an ATF confidential informant.   Defendant sold the gun to get money for heroin to which the Defendant was addicted.  Initially, Defendant cooperated with the ATF, however Defendant was ultimately indicted.

> 2. *Defendant's Good Character and Unblemished Personal History*

Defendant acknowledges that he has a long record.  However all of Defendant's convictions relate primarily to the use and sale of heroin.   Defendant sold heroin to support his own habit.  Defendant does not have a single violent offense and has never been charged with an offense involving violence.  Likewise Defendant has no other charges or convictions relating to firearms.

B.  The Kinds of Sentences Available

After *Booker*, however, the sentencing guidelines are not binding and courts have discretion as to what sentence to impose.  Even after *Jimenez* where the guidelines are an "important consideration,"  the court still has the ability to do what is reasonable.

The Defendant has served over 22 months in state custody awaiting trial on these charges.  The Defendant believes that the minimum mandatory sentence of 15 years would be sufficient in this case.  After *Booker* this sentence is available to the Court.  Under section 3553(a)(3), the Court must consider the availability of this option in determining the proper sentence in this case.  For the reasons discussed separately below, such a sentence should be imposed.

C.  The Sentencing Guidelines

The pre-sentence investigation report determines Defendant's sentencing guideline range as 180 to 210 months imprisonment based on an offense level of 30 and a criminal history category of VI (16 points). PSR at ¶ 95.

**V.  The Minimally-Sufficient Sentence in this Case**

As discussed above, *Booker*, Judge Torruella's concurring opinion in *Jimenez*, and 18 U.S.C. sec. 3553(a)'s parsimony provision imposes a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment.  Here, it is respectfully submitted that a sentence of 15 years imprisonment is sufficient to achieve the goals of punishment.

Justice is certainly served by this proposed sentence.  Defendant recognizes that the seriousness of his offense and the resulting harm warrants imprisonment; he is not attempting to avoid this reality.  Fifteen years imprisonment for a person who is almost 42 years old is a substantial term for a person without a violent record.  The Defendant will spend the rest of his middle age incarcerated.

The proposed sentence likewise achieves the goals of deterrence, incapacitation, and rehabilitation.  Defendant's actions resulted as a result of his addictions to heroin.  The lengthy sentence will also serve as a deterrent from Defendant returning to a life of crime.   General deterrence is amply served by the substantial imprisonment component of the proposed sentence, as well as by the many collateral consequences this case has

had for Defendant.  Finally, Defendant's need for rehabilitation is met by the proposed
sentence.  Defendant placed his own misinformed judgment above the law in this case,
and he recognizes his arrogance in this regard.  The proposed sentence will further
solidify Defendant's respect for the law.

In determining the minimally-sufficient sentence, the Court must essentially ask
whether a more severe sentence would achieve greater justice, deterrence, incapacitation,
or rehabilitation.  Respectfully, it would not in this case.  In making this judgment, it is
important to examine the ruination that Defendant has already suffered as a result of his
addiction, his conduct and this prosecution.  While these consequences are not a complete
substitute for judicial punishment, they are critically important to assessing what further
punishment is necessary in this case.  Because such consequences satisfy some of the
purposes of punishment, they are widely recognized as grounds for departure under the
sentencing guidelines.  *See, e.g. United States v. Speed Joyeros, S.A.*, 204 F. Supp. 2d
412, 439-40 (E.D.N.Y. 2002); *United States v. Redemann*, 295 F. Supp 2d 887,894-97
(E.D. Wis. 2003); *United States v. Gaind*, 829 F.Supp. 669, 670-71 (S.D.N.Y. 1993).

Defendant has lost everything he had acquired in his lifetime.  Defendant
recognizes that he has brought these consequences upon himself.  But the punishment is
no less real for being self-inflicted, and that is what matters in assessing the need for
additional judicial punishment.

**VI.    Conclusion**

For the reasons discussed above, the Defendant respectfully requests that the
Court impose the minimum mandatory sentence of 15 years.

Respectfully submitted
**David Arroyave Restrepo**
By his attorneys
/s/  ***Albert F. Cullen, Jr.***

BBO# 107900

/s/ ***Albert F. Cullen, III***

BBO# 561223
60 K Street, Boston, MA 02127

Dated: April 24, 2006

I, Albert F. Cullen, certify that I understand that all counsel will receive electronic notice of the electronic filing of this pleading.

/s/ ***<u>Albert F. Cullen, Jr.</u>***

Albert F. Cullen, Jr.