UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>            Plaintiff            )<br>                                           )    CR. No. 04-10290<br>                                           )<br>    v.                                   )<br>                                           )<br>GABRIEL HERNANDEZ         )<br>            Defendant         )<br>                                           ) | |

## DEFENDANT'S MOTION FOR CREDIT FOR TIME SPENT IN STATE CUSTODY

Now comes the Defendant through his undersigned attorneys and requests that the Court credit Defendant with the time served in state custody awaiting sentencing on these Federal charges. The Defendant further requests that the Court apply this credit to the Defendant's Federal sentence.

Defendant was placed in state custody on June 22, 2004 awaiting trial on state charges. On September 22, 2004, Defendant was indicted on the charges for which Defendant is being sentenced and a warrant was issued. Despite knowing the whereabouts of Defendant, the Government did not apply for Writ of Habeas Corpus ad Prosequendum until March 11, 2005. A warrant was also issued on March 11, 2005 and returned on March 16, 2005. Defendant made his initial appearance in this matter on March 16, 2005 and was returned to state custody. Defendant has spent a total of 22 months in state custody.

The District Court possesses the authority to credit Defendant with the time served in state custody. "Federal law—specifically, 18 U.S.C. Sec. 3584 n3 and 5G1.3 of the sentencing Guidelines allow a sentencing court to award a concurrent sentence to a defendant that is subject to an undischarged term of imprisonment. Together, these

provisions "attempt to achieve some coordination of sentences imposed in" situations in which multiple crimes have not been jointly prosecuted (because, for instance, they were committed in different jurisdictions) or in instances in which the prosecution of one offense is subsequent to a defendant's imprisonment for another offense so as "to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence," *Ruggian v. Reish*, 307 F. 3d 121, 127 (3rd Cir. 2002) citing, *Witte v. United States,* 515 U.S. 389, 404 (S. Ct. (1995)).  In the present case the Defendant is being held on a separate prosecution in another jurisdiction.  This Federal prosecution was subsequent to that state offense and to not credit Defendant will grossly increase Defendant's sentence by almost two years.

The "credit" set forth in 18 U.S.C. Sec. 3585 (b), credit awarded for time spent in detention for the same offense for which the defendant is ultimately sentenced may only be calculated by the Bureau of Prisons.  However, credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing court, *Id* at 132.  "Adjusting a sentence for time served on a state conviction pursuant to Sec. 5G1.3 is within the exclusive authority of the sentencing court.  Adjustments for time served on an unrelated state conviction are outside the purview of the BOP's powers to grant credit, which are limited to matters such as time served in detention related to the instant offense, good behavior etc.," *Id at 135.*

(Also see *United States v. White*, 354 F. 3d 841 (2004 8th Cir.)  District Court under Section 5G1.3 of the Sentencing Guidelines has the ability to credit Defendant for state time served.  The decision for whether to credit state time does <u>not</u> rest solely with the Bureau of Prisons (emphasis added)).

Finally, the offense at issue in this case occurred on July 25, 2002.  The Defendant was not indicted until September 2004.  The warrant in this case was not issued until March of 2005.  Defendant asserts that these arbitrary delays by the Government support his argument for credit for his state time.  That is, at a minimum, had the Government issued and executed a warrant at the time Defendant was indicted, September of 2004, Defendant could have been credited at a minimum for the seven months prior to sentencing. (See *United States v. Sanchez- Rodriguez*, 161 F. 3d 556 (9th Cir. 1998) Delay in bringing Federal charges prejudiced defendant).

    For the reasons set forth herein the Defendant requests that this Honorable Court credit the Defendant with the prior 22 months served in state custody and apply them to Defendant's sentence in this matter.

|  |  |
|---|---|
|  | Respectfully submitted<br>**Gabriel Hernandez**<br>By his attorneys<br>/s/ ***Albert F. Cullen, Jr.*** |
|  | BBO# 107900 |
|  | /s/ ***Albert F. Cullen, III*** |
|  | BBO# 561223 |
| Dated: April 26, 2006 | 60 K Street, Boston, MA 02127 |

    I, Albert F. Cullen, certify that I understand that all counsel will receive electronic notice of the electronic filing of this pleading.

    /s/ ***Albert F. Cullen, Jr.***

    Albert F. Cullen, Jr.