UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| | ) | CR. No. 04-10290 |
| v. | ) | |
| GABRIEL HERNANDEZ Defendant | ) | |

**DEFENDANT'S MOTION FOR CREDIT FOR TIME SPENT IN STATE CUSTODY PRIOR TO FEDERAL SENTENCING**

Now comes the Defendant through his undersigned attorneys and requests that this Honorable Court credit the Defendant's Federal Sentence with the time served in state custody prior to being sentenced on these Federal charges.

**Argument**

**I. Relevant Facts**

The Defendant committed the Federal Crime for which he is being sentenced on July 25, 2002. On March 11, 2004 the Defendant allegedly committed a number of related narcotics trafficking crimes in the state of Massachusetts. Defendant was indicted in Middlesex Superior Court on June 22, 2004 in relation to those drug offenses. The Defendant has remained in state custody awaiting trial in state court prior to his Federal Sentencing.

**II. Introduction**

This case presents a unique situation for the Court. The Sentencing Guidelines under Section 5G1.3 address the issue of credit for prior undischarged sentences. The Guidelines also address credit for prior conduct previously considered in determining a defendant's guideline range. Pursuant to the application notes of the Guidelines the policy is to credit the defendant for prior time served in both instances. The case law addresses the issue of crediting prior sentences both related and unrelated to the offense

for which the defendant is presently being sentenced. Again the policy is to credit the defendant for time served where the defendant has not otherwise received credit. However, the Defendant is unaware of any prior case where the sentencing (District) Court was faced with the issue of crediting a defendant at his federal sentencing for time spent in state custody awaiting trial on unrelated state charges. For the reasons set forth herein the Defendant believes the Court has the authority both under the applicable statute and the existing case law to credit the Defendant's Federal Sentence with the time spent in state custody.

**III. 18 U.S.C. 3585 Calculation of a Term of Imprisonment**

18 U.S.C. 3585(b)(2) which Defendant asserts is controlling on this issue states in relevant part, "Credit for prior custody. A defendant shall be given credit toward the term of imprisonment for any time he has spent in official detention[1] prior to the date the sentence commences--(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

In the present case the Defendant committed the crime in 2002. The crime for which Defendant is awaiting trial in the state court was committed in 2004. Therefore, the Defendant has spent 22 months in official detention for a crime committed after the crime for which Defendant is now being sentenced. The 22 months has not been credited to another sentence. Pursuant to 18 U.S.C. 3585 (b)(2) the Defendant believes he is entitled to 22 months credit on the present sentence.

**IV. The Sentencing (District) Court Has Authority Under 18 U.S.C. 3585(b) To Credit Defendant's Sentence.**

The general rule with regard to the application of 18 U.S.C. 3585(b) has been set forth in *United States v. Wilson*, 503 U.S. 329 (S. Ct 1992), "We conclude that Section 3585(b) does not authorize a district court to compute the credit at sentencing," *Id* at 334. The First Circuit also adopted this general rule in *United States v. Mojabi*, 161 F. Supp. 2d 33,36 (Mass.(2001)), "The Attorney General, through the BOP, computes the amount

[1] The Defendant would note that the statute's requirement is "official detention" and not a requirement of an "undischarged term of imprisonment". This is an important distinction applicable to the present case.

of Se. 3585(b) credit after a defendant has begun to serve his sentence and district courts have no authority to award such credit . . . ."

However, since Wilson and Mojabi several of the Circuit Courts, including the First Circuit have found exceptions to this general rule and have held that the district court can impose a credit under Section 3585(b) at sentencing. In United States v. Martin, 363 F.3d 25 (1st Cir. 2004) the Court found that the sentencing (district) court could apply a credit under Section 3585(b). "This impossibility of crediting *does not* (emphasis added) apply to the alternative sentences of probation, including home detention and *imprisonment* (emphasis added)," *Id* at 38. "Although probation and imprisonment are different types of sentences, each restricts a defendant's liberty . . . *allowing the sentencing court to compare the degree and length of restriction when determining the proper amount of credit* (emphasis added). Hence, we join other courts of appeals in holding that these similarities are sufficient to allow crediting of probation against imprisonment," *Id* at 38.

In the present case, where the Defendant was actually incarcerated, it would follow that if the Court may credit a defendant for prior probation under Section 3585(b) the Court may also credit the Defendant for prior time in official detention that has not been credited against another sentence. "United States v. Wilson, 503 U.S. 329, is not to the contrary, [with regard to applying the 3585(b) credit in Martin]" *Id* at n23, 39. While the facts in Martin differ from those in the present case, Martin demonstrates that this Court can apply a credit under Section 3585(b) at Defendant's sentencing.

Other courts post Wilson have also addressed the Government's argument that the Bureau of Prisons ("BOP") has the sole authority and discretion under 18 U.S.C. 3585 (b) to "credit" the Defendant's sentence. This argument was again raised in Ruggiano v. Reish, 307 F. 3d 121 (3rd Cir. 2002). The Ruggiano Court also held that the sentencing (District) Court had the authority to apply a credit under 18 U.S.C. 3585(b).

> Much of the conflict . . . is attributable to [the] use of the word "credit" to Refer to two distinct benefits that a convicted defendant may receive[:]
>
> [1.] A sentencing judge is charged with determining the length of any sentence of incarceration to be served. In the course of doing so, it may impose a lesser sentence than it otherwise would have because of any number of relevant

factors in the case.

> [2.] After a defendant has been sentenced to a term of incarceration, the custodian must determine when the sentence imposed will have been satisfied. In the course of doing so, the custodian may give "credit" against the sentence for such things as pre-sentence detention, good behavior, etc. *Id* at 132 citing *United States v. Dorsey*, 166 F.3d 558 (1999).

"It is clear to us, therefore, that the sentencing court intended to award Ruggiano the first of the two benefits described [in *Dorsey*] *which was well within its authority,* (emphasis added)," *Ruggiano*, at 132.

(See also, *United States v. White*, 354 F.3d 841 (8th Cir. 2004), Sentencing Court and not Bureau of Prisons had ability to credit defendant with ten months spent in state court awaiting trial on charges for which defendant was later acquitted.)

The Defendant in the present case asserts that like the Court in *Ruggiano* the Court here has the authority to impose a lesser sentence in light of the time Defendant has spent in official detention on a subsequent offense.

**V. District Court May Apply Credit On A Fifteen Year Minimum Sentence.**

In *United States v. Kiefer*, 20 F. 3d 874 (8th Cir. 1994), the defendant, like the Defendant in the present case, plead guilty to a charge of felon in possession and sought credit for time spent in state prison. The District Court failed to give Defendant full credit for the state prison sentence because to do so would have resulted in a sentence less than the 180 month minimum mandatory. The defendant appealed. "A Defendant who has spent time in "official detention" prior to the commencement of a Section 924(e)(1) mandatory minimum sentence is eligible for the sentence credit afforded by 18 U.S.C. Sec. 3585(b). Although we have found no published decisions confirming that principle, nothing in Sec. 3585(b) suggests that it does not apply to mandatory minimum sentences. That principle is important to the case at hand, for it demonstrates that in appropriate circumstances time served in custody prior to commencement of the mandatory minimum sentence is time "imprisoned" for the purposes of Sec. 924(e)(1)," *Id* at 876.

The *Keifer* Court then held, "Section 924 (e) (1) does not forbid concurrent sentencing for separate offenses that were part of the same course of conduct. In these circumstances, . . . we conclude that time previously served under concurrent sentences may be considered time "imprisoned" under Section 924(e)(1) . . .," *Id* at 877. In the

present case it would follow that where Section 924(e)(1) does not forbid credit for separate, unrelated offenses, the 22 months Defendant spent in state custody awaiting trial may be considered time "imprisoned" under Section 924(e)(1).[2]

**VI. Case Law and Sentencing Guideline Policy Supports Crediting Defendant for Time Served**

The crediting of defendant with prior time served is an "attempt[] to achieve some coordination of sentences in" situations in which multiple crimes have not been jointly prosecuted (because, for instance, they were committed in different jurisdictions) or in instances in which the prosecution of one offense is subsequent to a defendant's imprisonment for another offense so as "to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence", *Ruggiano* at 127, citing *Witte v. United States*, 515 U.S. 389, 404-405, (S. Ct 1995). Applying this policy to the present case the Defendant committed crimes in two different jurisdictions. The prosecution of this offense is subsequent to the prosecution of the state offenses. In order to mitigate the mere fortuity that will have the effect of grossly increasing the Defendant's sentence by 22 months the Defendant requests the Court adopt the policy set forth in *Witte* and credit the Defendant at sentencing with the 22 months in state custody.

The Defendant would also note that had Defendant been actually serving a sentence in the state court Section 5G1.3 (c) would be applicable: (Policy Statement) in any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively, to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. The Defendant does not have a prior undischarged term of imprisonment so as to make 5G1.3(c) applicable. However the policy is still applicable. That is the Court should still seek to achieve a "reasonable punishment" for the instant offense. "U.S.S.G. § 5G1.3, . . ., "was designed 'to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence,'" *United States v. Fornia Castillo*, 408 F. 3d 52, 60 (1st Cir. 2005) citing *United States v. Caraballo*, 200 F. 3d 20, 27 (1st Cir. 1999) (quoting *Witte v.*

---

[2] The theory that the federal mandatory minimum statute does not specify any particular way in which the minimum term is to be achieved and therefore the courts may impose the mandatory minimum term and then deduct credit for time served has yet to be addressed by the First Circuit (see *United States v. Ramirez*, 252 F.3d 516, 519 (1st Cir. 2001).

*United States*, 515 U.S. 389, 404-405 (S. Ct (1995). The Defendant would request that the Court mitigate the fortuity of the separate state and federal prosecutions which in this case grossly argue that a reasonable punishment is the fifteen year mandatory minimum and credit for the 22 months spent in state custody.

**VII. Conclusion**

Chapter 18, Section 3585(b)(2) of the United States Code states that the Defendant is entitled to credit for the time spent in state custody. This Court has the authority to credit the Defendant under the applicable provision of the United States Code. The case law and public policy statements of the Sentencing Guidelines support the crediting of Defendant's sentence even in light of a fifteen (15) year mandatory minimum sentence. For these reasons the Defendant respectfully requests that this Court credit his sentence with the 22 months spent in state custody.

Respectfully submitted
**Gabriel Hernandez**
By his attorneys
/s/ ***Albert F. Cullen, Jr.***

BBO# 107900

/s/ ***Albert F. Cullen, III***

BBO# 561223
60 K Street, Boston, MA 02127

Dated: May 1, 2006

I, Albert F. Cullen, certify that I understand that all counsel will receive electronic notice of the electronic filing of this pleading.

/s/ ***Albert F. Cullen, Jr.***

Albert F. Cullen, Jr.