UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )   CRIMINAL NO. 04-10290-MEL
                                    )
GABRIEL HERNANDEZ                   )
_____)
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR CREDIT**
**FOR TIME SPENT IN STATE CUSTODY PRIOR TO FEDERAL SENTENCING**

**I.      INTRODUCTION**

In Defendant's Motion for Credit For Time Spent in State Custody Prior to Federal Sentencing Motion to Dismiss ("Defendant's Motion"), the defendant asks this Court to grant him credit, pursuant to 18 U.S.C. § 3585(b)(2), for time he has spent in state custody awaiting trial on charges unrelated to this case. The United States of America opposes Defendant's Motion because, under 18 U.S.C. § 3585(b)(2), this Court lacks jurisdiction to grant the defendant credit for time he has spent in state custody on unrelated charges. See United States v. Wilson, 503 U.S. 329, 334 (1992). While the defendant may be eligible to receive credit for such state custody, only the Bureau of Prisons is authorized to calculate and apply such credit. Id. The caselaw upon which the Defendant' Motion relies to argue the contrary is inapposite. This is so because the cases cited by the defendant involve (1) double jeopardy principles; (2) the availability of departures under the United States Sentencing Guidelines; and (3) the imposition – under the Guidelines and 18 U.S.C. §3584 – of sentences concurrent with undischarged state sentences. This case raises no double jeopardy concerns. Moreover, the minimum mandatory sentence in this case is not a Guidelines sentence; it is mandated by the Armed Career Criminal Act, 18 U.S.C. § 924(e). Finally, the time for which the defendant seeks

credit is not an undischarged term of imprisonment; it is time the defendant has spent in state custody awaiting trial on charges unrelated to this case.

"[I]t is well-established that a request for credit for prior custody under 18 U.S.C. § 3585(b)(2) must be made, in the first instance, to the Attorney General through the Bureau of Prisons upon imprisonment after sentencing. United States v. Rogers, 180 F.3d 349, 357-58 (1st Cir. (1999) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)). In Wilson, the Supreme Court held that § 3585(b) "does not authorize a district court to compute [a sentence] credit at sentencing" for time served in pretrial detention. Rather, "the Attorney General [through the Bureau of Prisons] must continue to compute the credit under § 3585(b) as he did under the [predecessor statute,] § 3568." Id.  In so holding, the Court recognized that, under § 3585(b), "Congress has indicated that computation of the credit must occur after the defendant begins his sentence. Id. at 333.

Courts have routinely interpreted Wilson to hold that "the district courts do not have jurisdiction to grant credit [under § 3585(b)] for prior custody" at sentencing. United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994); United States v. Brann, 990 F.2d 98, 104 (3rd Cir. 1993)); accord United States v. Westmoreland, 974 F.2d 736, 737 (6th Cir. 1992), cert. denied, 507 U.S. 1019 (1993); United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992); see also United States v. Luna-Reynoso, 258 F.3d 111, 117 (2nd Cir. 2001) ("[T]he credit to be granted a defendant under § 3585(b) for time during which he was held in federal custody prior to sentencing is administered by the Bureau of Prisons."); Werber v. United States, 149 F.3d 172, 179 (2nd Cir. 1998) ("[O]nly the BOP is entitled to give credit for time served prior to the commencement of a sentence."). Thus, in this case, the Court is not authorized to grant the

defendant credit for time he has served in state custody on unrelated charges.

None of the cases cited in the Defendant's Motion suggest a contrary outcome here. For example, in United States v. Martin, 363 F.3d 25 (1st Cir. 2004), the First Circuit addressed whether the Double Jeopardy Clause required that a defendant be given credit for the portion of his sentence served before the case was remanded for re-sentencing. Recognizing that "§ 3585(b) . . . governs credit for *presentence* confinement," the First Circuit noted that the double jeopardy issues presented in Martin did not arise under § 3585(b). Id. at 28 (emphasis in original). Determining that Martin must receive credit for the portion of his sentence already served against any sentence of imprisonment imposed on remand, the First Circuit instructed the district court to determine the credit Martin should receive and grant a downward departure to provide for that credit. Id. at 28 and 51. This case is thus distinguishable from Martin because (1) this case involves no double jeopardy concerns and (2) this minimum mandatory sentence in this case is not a Guidelines sentence; it is governed by statute.

Nor is United States v. Ruggiano, 307 F.3d 121 (3rd Cir. 2002), also cited in the Defendant's Motion, more helpful to the defendant. As an initial matter, the Ruggiano court "conclude[d] that . . . the BOP does have exclusive authority to grant . . . 'credit' as that term is used in 18 U.S.C. § 3585(b) . . . ." Id. at 124. The court went on to point out that "the type of 'credit' granted to Ruggiano . . . was of a fundamentally different character, and was well within the authority of the sentencing court." Id. In Ruggiano, the district court sentenced specified that the defendant's federal sentence would run concurrently with an undischarged state sentence. Id. at 125. The Third Circuit noted that "[f]ederal law – specifically, 18 U.S.C. § 3584 – and section 5G1.3 of the Sentencing Guidelines allow a sentencing court to award a concurrent

sentence to a defendant that is subject to an undischarged term of imprisonment." The court went on to distinguish between the "credit" contemplated by § 3585(b) and the type of "credit" awarded by the sentencing court to Ruggiano.

> As we have noted previously, § 3585(b) uses the term "credit" as a term of art. This type of "credit," awarded for time served in detention for the same offense for which the defendant is ultimately sentenced, may only be calculated by the BOP. The sentencing (district) court has no authority to award "credit" as that term is used in § 3585(b). United States v. Wilson, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).
>
> The type of "credit" awarded by the sentencing court to Ruggiano, however, was completely different from the type of "credit" discussed in § 3585(b). While the latter is within the exclusive authority of the BOP to award, credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing court. Indeed, as quoted above, § 3585(b) specifically prohibits the BOP from awarding credit for time that has been "credited against another sentence."

Id. at 132 (citation omitted). Thus, Ruggiano simply stands for the proposition that 18 U.S.C. § 3584 and the Guidelines authorize this Court to impose a sentence concurrent with an undischarged state sentence. It is therefore inapplicable here.

The next two cases cited in the Defendant's Motion, United States v. Kiefer, 20 F.3d 874 (8th Cir. 1994), and United States v. White, 354 F.3d 841 (8th Cir. 2004), stand for the proposition that a sentencing court has authority to depart under U.S.S.G. §5G1.3(b) on the basis of time the defendant served in state custody on charges stemming from the same conduct as that underlying the federal prosecution. Kiefer, 20 F.3d at 876; White, 354 F.3d at 845. The statutory authority for U.S.S.G. § 5G1.3(b) is 18 U.S.C. § 3584; § 5G1.3(b) permits this Court to run a sentence concurrently with an undischarged sentence that "resulted from offense(s) that have been fully taken into account in the determination of th offense level for the instant offense." U.S.S.G. § 5G1.3(b). Thus, in Kiefer, the Eighth Circuit held that the district court "erred in stating that it

had no discretion under § 5G1.3(b) to reduce [the defendant's] mandatory minimum sentence for the *time he served in state prison as a result of the same course of conduct*." 20 F.3d at 877 (emphasis supplied).[1]  Similarly, in White, the court remanded the case for consideration of whether a departure under § 5G1.3(b) was appropriate because the district court did not recognize that the Guideline "permits a departure to account for time already served where the current and prior offenses involve the same conduct." 354 F.3d at 845.  Because the time for which Hernandez seeks credit in no way involved the same conduct as that charged in this case, Kiefer and White are unavailing.

## CONCLUSION

For the reasons stated above, this Court should deny the Defendant's Motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ John A. Capin

JOHN A. CAPIN
Assistant U.S. Attorney
(617) 748-3264

---

[1] Similarly, the only other cases cited in the Defendant's Motion – Witte v. United States, 515 U.S. 389 (1995), and United States v. Fornia Castillo, 408 F.3d 52 (1st Cir. 2005) – address the question whether the district court, in applying the Guidelines, should take into account an undischarged sentence for offenses arising out of same criminal activity.